Case 13-01229   Doc 21   Filed 02/14/14   Entered 02/18/14 09:11:39   Desc Main
Document   Page 1 of 4

13-01229:18.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 1/31/2014 2:48:09 PM by:Michael Miller Page 1 of 4

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 13 B 31859 |
| Vanessa G Partee | ) | Judge Hon. Schmetterer |
| | ) | CHAPTER 13 |
| Plaintiff, | ) | |
| ——————————————— | ) | ——————————————— |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | ADV. NO. 13 AP 01229 |
| Select Portfolio Servicing, Inc. | ) | |
| Defendant. | ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.**   **The Parties**

1.   The Plaintiff is Vanessa G Partee ("Plaintiff").

2.   The Defendant is Select Portfolio Servicing, Inc. ("Defendant").

**B.**   **Factual Background**

1.   On or about August 9, 2013, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2.   Plaintiff owns the real estate commonly known as 5415 W. Potomac Avenue, Chicago, IL 60651.

3.   That U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp. CSMC Mortgage-Backed Pass-Through Certificates, Series 2006-5 holds a first mortgage lien on the real property commonly known as 5415 W. Potomac Avenue, Chicago, IL 60651, with a secured claim of $127,798.25 pursuant to the proof of claim filed on September 11, 2013.

4.      The Defendant holds a second mortgage lien on the real property known as 5415 W. Potomac Avenue, Chicago, IL 60651 in the approximate amount of $55,386.00 pursuant to the Plaintiff's recent credit report.

5.      On July 26, 2013, Plaintiff obtained property comparables from LM Appraisal Group indicating the value of 5415 W. Potomac Avenue, Chicago, IL 60651 to be approximately $58,666.00.

6.      The Modified Chapter 13 Plan filed on October 9, 2013, provides that the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $285.00 per month for 2 months, and $315.00 monthly for an additional 34 months.

7.      Under the Chapter 13 Plan, general unsecured creditors will be paid 11% of their allowed claims.

8.      On December 12, 2013, Plaintiff issued an alias summons and amended complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 5415 W. Potomac Avenue, Chicago, IL 60651.

9.      That on December 12, 2013, a copy of the alias summons and amended complaint were served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Certified Mail, postage prepaid to an officer of the Defendant at 3815 S.W. Temple, Salt Lake City, UT 84115 and upon the registered agent at 801 Adlai Stevenson Drive, Springfield, IL 62703.

10.      The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

Case 13-01229  Doc 21  Filed 02/14/14  Entered 02/18/14 09:11:39  Desc Main
Document  Page 3 of 4

13-01229:18.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 1/31/2014 2:48:09 PM by:Michael Miller Page 3 of 4

11.     No evidence has been presented to challenge the validity of the secured

claim that holds priority over the second mortgage lien.

12.     No evidence has been presented to challenge the property value of

$58,666.00.

13.     The first secured claim of US Bank in the amount of $127,798.25 exhausts

the value and equity in Plaintiff's residence.

14.     There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

**A.     Jurisdiction**

1.     This contested matter is a core proceeding pursuant to 28 U.S.C. §

157(b)(2)(K).  This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a)

and 1334(b).

2.     Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**B.     Argument**

3.     This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4.     The Debtor scheduled the first secured claim of "America's Servicing Co." in

the amount of $127,524.00, and the second secured claim of "Select Portfolio Servicing" in

the amount of $55,386.00.

5.     That value of Plaintiff's residence is $58,666.00.

6.     To the extent that a lien secures a claim against the debtor that is not an

allowed secured claim, such lien is void…" *11 U.S.C. § 506(a) and 1322*. If a debtor's

chapter 13 case is dismissed then any lien voided under § 506(d) is reinstated. *11 U.S.C.

§349(b)(1)(C)*.  Although the Seventh Circuit has not yet considered the issue, the vast

majority of circuits hold a wholly unsecured junior mortgage is subject to strip off pursuant

to 11 U.S.C. §506(d), notwithstanding the anti-modification protection afforded holders of

home mortgages in 11 U.S.C. §1322(b)(2) as implied by Nobelman v. American Savings

Bank, 508 U.S. 324 (1993).  See Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122

(2nd Cir. 2001); McDonald v. Master Fin., Inc. (In re McDonald), 205 F.3d 606 (3rd Cir.

2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002);

Zimmer v. PSB Lending Corp., 313 F.3d 1220 (9th Cir. 2002); and In re Tanner, 217 F.3d

1357 (11th Cir. 2000).

Enter:

Dated: 2 /14/ 14

_____
United States Bankruptcy Judge

FEB 1 4 2014

Robert J. Semrad & Associates
Attorney for Debtor
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625